# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In re** | : **Originally filed in:** |
| | : |
| **MARK FINKELSTEIN and** | : **NEW JERSEY SUPERIOR COURT** |
| **ELIYAHU WEINSTEIN,** | : **MONMOUTH COUNTY** |
| | : |
| **Plaintiffs,** | : **CHANCERY DIVISION** |
| | : |
| | : **CIVIL ACTION** |
| **v.** | : |
| | : **DOCKET NO.: C-90-04** |
| **M & C INVESTMENT,** | : |
| **THE ESTATE OF HELEN MEHLMAN,** | : |
| **RAY COHEN, and PENN QUALITY** | :    **CIVIL ACTION** |
| **FURNITURE, INC.,** | : |
| | : |
| **Defendants** | : |
| | : **CIVIL ACTION NO.** _04-2247 (mLC)_ |

## NOTICE OF REMOVAL OF ACTION (28 U.S.C. Section 1446(a))

TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

1.     In March of 2004, plaintiff Mark Finkelstein, along with plaintiff Eliyahu

Weinstein, filed a Civil Complaint to enjoin defendants from selling a warehouse property that

defendants had leased to them and which plaintiffs had the right of first refusal to buy.   Pursuant

to the provisions of Section 1441 and 1446 of Title 28 of the United States code, Plaintiff Mark

Finkelstein removes this action to the United States District Court for the District of New Jersey,

which is the judicial district in which the action is pending.

2.     The grounds for removal of this action are:

a.     Plaintiff Mark Finkelstein filed a petition pursuant to Chapter 7 of title 11,

U.S.C. on January 29, 2004.  On May 3, 2004, his case was converted to a case under Chapter 13

of title 11.

**RECEIVED**

MAY 1 3 2004

MARY L. COOPER
U.S. DISTRICT JUDGE

b.      Plaintiffs' complaint seeks to enjoin defendants from extinguishing their property rights in the warehouse property. The action is thus one which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. §1334(b), as a matter "arising in or related to" Mark Finkelstein's pending Chapter 13 case.

3.      This Notice of Removal is being made pursuant to a colloquy on the record with the Honorable Raymond T. Lyons, United States Bankruptcy Judge, on May 3, 2004, in which Judge Lyons directed plaintiff to withdraw the captioned action to the District Court for referral to the Bankruptcy Court.

4.      Pursuant to the provisions of 28 U.S.C. §1446(a), petitioner attaches to this notice, and incorporates by reference, copies of the following papers, which are all of the process and pleadings filed in the matter prior to this removal:

a.      Plaintiffs' complaint, filed with the Monmouth County Superior Court on or about March 5, 2004 (marked and attached hereto as Exhibit "A");

b.      Summons and Affidavits of Service for M & C Investment and The Estate of Helen Mehlman (marked and attached hereto as Exhibit "B");

c.      Notice of Lis Pendens (marked and attached hereto as Exhibit "C");

d.      Defendants' answer to the complaint, filed with the Monmouth County Superior Court on or about March 31, 2004 (Marked and attached hereto as Exhibit "D").

c.    Defendants' Motion to Compel Probability Hearing, filed with the

Monmouth County Superior Court on or about April 16, 2004 (Marked and attached hereto as

Exhibit "E").

Dated: May 11, 2004                    Respectfully submitted,
                                       McDOWELL RIGA


                                       By: _Ellen M. McDowell_
                                           Ellen M. McDowell
                                           46 West Main Street
                                           Maple Shade, NJ 08052

                                           Telephone: (856) 482-5544
                                           Telecopier: (856) 482-5511


                                       COUNSEL FOR PLAINTIFF
                                       MARK FINKELSTEIN

EXHIBIT "A"

**McDowell Riga**
*A Professional Corporation*
**46 W. Main Street**
**Maple Shade, NJ 08052**
**Telephone: (856) 482-5544**
**Telecopier: (856) 482-5511**

F I L E D

MAR – 5 2004

ALEXANDER D. LEHRER, P.J.CH.

-------------------------------------------------X

| | | |
|---|---|---|
| **MARK FINKELSTEIN** | : | **SUPERIOR COURT OF NEW JERSEY** |
| **AND ELIYAHU WEINSTEIN,** | : | **CHANCERY DIVISION** |
| | : | |
| | : | **MONMOUTH COUNTY** |
| **Plaintiffs** | : | |
| | : | **DOCKET NO.** *C 90-04* |
| **v.** | : | |
| | : | |
| **M & C INVESTMENT,** | : | |
| **THE ESTATE OF HELEN MEHLMAN,** | : | |
| **RAY COHEN, and PENN QUALITY** | : | **CIVIL ACTION** |
| **FURNITURE, INC.,** | : | |
| | : | |
| **Defendants** | : | **COMPLAINT** |

-------------------------------------------------X

1.    Plaintiff Mark Finkelstein is an individual residing at 825 E. End Avenue, Lakewood, NJ 08701.

2.    Plaintiff Eliyahu Weinstein is an individual residing at 596 Seton Circle., Lakewood, NJ.

3.    Defendant M & C Investment is a partnership having an address c/o Lisa Braun, 11 Farm Lane, Eatontown, NJ 07724.

4.    Defendant the Estate of Helen Mehlman is an estate having an address c/o Lisa Braun, 11 Farm Lane, Eatontown, NJ 07724.

5.    Defendant Ray Cohen is an individual residing at 735 Ocean Avenue, Apt. #1607, Long Branch, NJ 07740.

6.    Defendant Penn Quality Furniture, Inc. is a corporation with an address of 330

Crosby Street, Deal Park, NJ 07723.

7.    Jurisdiction is based on minimum contacts with the State of New Jersey.

8.    Plaintiffs purchased a furniture store (the "Furniture Store"), from defendants Penn Quality Furniture, Inc. and Ray Cohen on or about January 20, 2002.  On the same date, plaintiffs purchased the real estate where Penn Quality Furniture, Inc. operated the Furniture Store, at 1312 Corlies Avenue, Neptune (the "Store Property"), from Ray Cohen and his wife, Sylvia.

9.    In the agreement of sale for the Furniture Store, defendants Penn Quality Furniture, Inc. and Ray Cohen represented that there was $135,000 in inventory in the store, which was to be transferred to plaintiffs.  The parties agreed to take an inventory of the merchandise immediately after closing to confirm the value of the merchandise.  They further agreed that if the value was not $135,000, there would be an adjustment between the parties.

10.    The parties completed an inventory of the merchandise at the Furniture Store immediately after the closing.  The value of the merchandise was approximately $85,000.  Plaintiffs were never compensated for the $50,000 discrepancy in the value of the inventory.

11.    In another provision of the agreement of sale for the Furniture Store, defendants Penn Quality Furniture, Inc. and Ray Cohen guaranteed that plaintiffs would be able to obtain a Certificate of Occupancy for the Store Property to operate the Furniture Store.  Despite this guarantee, plaintiffs were required to spend in excess of $30,000 to make repairs to the Store Property in order to obtain a Certificate of Occupancy.  Plaintiffs were never compensated for the funds they were required to spend to obtain the Certificate of Occupancy.

12.    On the same date that plaintiffs purchased the Furniture Store and the Store

2

Property, they entered into a lease agreement for the warehouse where Penn Quality Furniture,

Inc. had stored its furniture for the store, which was also located in Neptune, at 41 Ridge Avenue

(the "Warehouse Property").

13.     The Warehouse Property was owned by defendant M & C Investment. Upon

information and belief, Ray Cohen is a 50% partner in M & C Investment.

14.     In purchasing the Furniture Store and the Store Property, plaintiffs discussed with

Ray Cohen the necessity of having long-term rights to the Warehouse Property, since having a

nearby space to store merchandise is critical to the operation of the furniture store.

15.     Because of plaintiffs' concern about the Warehouse Property, Ray Cohen

promised plaintiffs that M & C Investment would not sell the Warehouse Property for at least

twenty years, and that when the Warehouse Property was put up for sale after twenty years,

plaintiffs would have the right of first refusal to buy it.

16.     Plaintiffs were recently notified that defendants M & C Investment and the Estate

of Helen Mehlman have entered into an Agreement of Sale to sell the Warehouse Property to a

third party. Plaintiffs were given thirty days to exercise their right of first refusal to purchase the

Warehouse Property on the same terms as the third party purchaser.

17.     Plaintiffs are not in a position to match the third party buyer's offer to purchase

the Warehouse Property at present because of defendants' breach of the agreement of sale for the

Furniture Store.

18.     Plaintiffs believe and therefore aver that defendants should be enjoined from

selling the Warehouse Property under the parties' agreement.

3

## COUNT I

19.     The allegations of the foregoing paragraphs of this Complaint are incorporated by reference as if set forth in full herein.

20.     Plaintiffs and defendants M & C Investment agreed that the Warehouse Property would not be sold for at least twenty years from the date of the sale of the furniture store.

21.     M & C Investment's agreement not to sell the Warehouse Property for twenty years was a condition to plaintiffs' agreement to purchase the furniture store.

22.     Plaintiffs relied on M & C Investment's promise not to sell the Warehouse Property for at least twenty years in consummating the purchase of the furniture store.

23.     Without the Warehouse Property, the Furniture Store's value is significantly impaired.

24.     If defendants are able to sell the Warehouse Property to a third party, plaintiffs will have suffered detriment as a result of their reliance on defendant's promise in that its investment in the Furniture Store will be greatly impaired.

WHEREFORE, plaintiffs Mark Finkelstein and Eliyahu Weinstein demand judgment against defendants M & C Investment and the Estate of Helen Mehlman for relief as follows:

A.     For an injunction restraining defendants from selling the property known as 41 Ridge Avenue until January, 2022;

B.     For an injunction extending the time by which plaintiffs may exercise their right of first refusal for the Warehouse Property;

C.     For costs of suit and attorneys' fees; and

D.     For other such relief as the Court deems just and equitable.

4

## COUNT II

25.    The allegations of the foregoing paragraphs of this Complaint are incorporated by reference as if set forth in full herein.

26.    Defendants M & C Investment has breached its contract with plaintiffs by signing an agreement of sale for the Warehouse Property with the third party buyers.

27.    If defendants are successful in their attempt to sell the Warehouse Property to a third party, plaintiffs will have suffered irreparable harm as a result of their reliance on defendants' promise in that its investment in the Furniture Store and the Store Property will be greatly impaired.

WHEREFORE, plaintiffs demand judgment against defendants M & C Investment and the Estate of Helen Mehlman for relief as follows:

A.    For an injunction restraining defendants from selling the property known as 41 Ridge Avenue to any third party until January, 2022;

B.    For an injunction extending the time by which plaintiffs may exercise their right of first refusal for the Warehouse Property;

C.    For compensatory and consequential damages;

D.    For costs of suit and attorneys' fees; and

E.    For other such relief as the Court deems just and equitable.

## COUNT III

28.    The allegations of the foregoing paragraphs of this Complaint are incorporated by reference as if set forth in full herein.

29.    The allegations of the foregoing paragraphs of this Complaint are incorporated by

5

reference as if set forth in full herein.

30.    Defendants Penn Quality Furniture and Ray Cohen are indebted to plaintiffs in an amount in excess of $80,000 as a result of the discrepancy in the inventory at the time of the sale of the Furniture Store and the costs to obtain a Certificate of Occupancy.

WHEREFORE, plaintiffs demand judgment against defendants Penn Quality Furniture, Inc. and Ray Cohen for damages, attorneys' fees and costs, and such other relief as is just.

McDOWELL RIGA

Dated: March 4, 2004                      By: _____
                                              Ellen M. McDowell
                                              Attorneys for Mark Finkelstein and
                                              Eliyahu Weinstein

6

## CERTIFICATION

The undersigned hereby certifies the following:

1.      To the best of my knowledge and belief, this matter in controversy is not the subject of any other action pending in any Court, or of a pending arbitration proceeding, nor is any such proceeding contemplated at this time; and

2.      To the best of my knowledge and belief, there are no other parties who must be joined in this action.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 3|4|04

ELLEN M. McDOWELL

7

EXHIBIT "B"

Attorney(s):        Ellen M. McDowell
Law Firm:           McDowell Riga
Address:            46 West Main Street
                    Maple Shade, NJ 08052
Telephone No.:      (856) 482-5544
Fax No.:            (856) 482-5511
Attorney(s) for Plaintiff(s): Mark Finkelstein and Eliyahu Weinstein

| | |
|---|---|
| Mark Finkelstein and Eliyahu Weinstein, | SUPERIOR COURT OF NEW JERSEY |

Mark Finkelstein and Eliyahu Weinstein,

                               Plaintiff(s)

vs.

M & C Investment, The Estate of Helen Mehlman, Ray Cohen and Penn Quality Furniture, Inc.
                             Defendant(s)

SUPERIOR COURT OF NEW JERSEY
CHANCERY   DIVISION
MONMOUTH   COUNTY

DOCKET NO. C-90-04

CIVIL ACTION
**Summons**

From the State of New Jersey
To the Defendant(s) Named Above:

     The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

     If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

     If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: 3/8/04

*Donald Phelan /s*
Superior Court Clerk

Name of Defendant to be Served: M & C Investment
Address of the Defendant to be Served: 11 Farm Lane, Eatontown, NJ 07724

**\* $105.00 FOR CHANCERY DIVISION CASES OR $110.00 FOR LAW DIVISION CASES**

31 - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A
Rev. 4/99 P5/99

©1999 by ALL-STATE®*Legal*
A Division of ALL-STATE International, Inc.
(908) 272-0800         Page 1

Attorney(s):        Ellen M. McDowell
Law Firm:           McDowell Riga
Address:            46 West Main Street
                    Maple Shade, NJ 08052
Telephone No.:      (856) 482-5544
Fax No.:            (856) 482-5511
Attorney(s) for Plaintiff(s): Mark Finelstein and Eliyahu Weinstein

| | |
|---|---|
| Mark Finkelstein and Eliyahu Weinstein <br><br> Plaintiff(s) <br><br> vs. <br><br> The Estate of Helen Mehlman, M & C Investment, Ray Cohen and Penn Quality Furniture, Inc. <br> Defendant(s) | SUPERIOR COURT OF NEW JERSEY <br> CHANCERY     DIVISION <br> MONMOUTH     COUNTY <br><br> DOCKET NO. C–90–04 <br><br> CIVIL ACTION <br> **Summons** |

From the State of New Jersey
To the Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated:  3/8/04                         *Donald Phelan  /s*
                                       Superior Court Clerk

Name of Defendant to be Served: The Estate of Helen Mehlman c/o Lisa Braun
Address of the Defendant to be Served: 11 Farm Lane, Eatontown, NJ   07724

**\* $105.00 FOR CHANCERY DIVISION CASES OR $110.00 FOR LAW DIVISION CASES**

©1999 by ALL-STATE*Legal*
A Division of ALL-STATE International, Inc.
(908) 272-0800                          Page 1

**Monmouth County Sheriff's Office**
**Joseph W. Oxley, Sheriff**
50 East Main Street, Freehold, NJ 07728
732-431-7145  FAX 732-294-5965

Sheriff's File Number:
SUM 04001315

# AFFIDAVIT OF SERVICE

Court Docket #: **C9004**

| |
|---|
| Mark Finkelstein and Eliyahu Weinstein<br><br>vs.<br><br>M&C Investment, The Estate of Helen Mehlman, et als., |

Superior Court of New Jersey
County of Monmouth
Chancery Division

I, Joseph W. Oxley, Sheriff of Monmouth County, do hereby deputize Thomas Smith, and appoint him to be my Deputy to execute and return the within Summons & Complaint.

*Joseph W. Oxley*

## SERVICE INFORMATION

On 3/18/2004 at 11 Farm Lane, Eatontown, NJ 07724 , deponent served the within on *M&C Investment*, the defendant named therein, in the following manner:

## ALTERNATE PERSON SERVED

By delivering to and leaving with *Lisa Braun* the Agent Authorized to Accept a true copy thereof, a person over the age of fourteen. Said address was the dwelling place of the defendant.

Deputy Notes:

Fees Received from Attorney: Summons & Complaint ($22.00), Mileage ($19.76), Second Defendant ($20.00), Other Defendant ($16.00), Other Defendant ($16.00), Return of Service ($2.00) Total Charges $95.76

Attorney Name: McDowell Riga, c/o Ellen M McDowell46 West Main St Maple Shade, NJ 08052

_____
Thomas Smith
Deputy Sheriff

66-32
Badge Number

entered by: Helen Burns

**Monmouth County Sheriff's Office**
**Joseph W. Oxley, Sheriff**
50 East Main Street, Freehold, NJ 07728
732-431-7145  FAX 732-294-5965

Sheriff's File Number:
SUM 04001315

# AFFIDAVIT OF SERVICE

Court Docket #: **C9004**

| |
|---|
| Mark Finkelstein and Eliyahu Weinstein |
| |
| vs. |
| |
| Penn Quality Furniture Inc, et als |

Superior Court of New Jersey
County of Monmouth
Chancery Division

I, Joseph W. Oxley, Sheriff of Monmouth County, do hereby deputize Thomas Smith, and appoint him to be my Deputy to execute and return the within Summons & Complaint.

*Joseph W. Oxley*

## SERVICE INFORMATION

On 3/18/2004 at 11 Farm Lane,  Eatontown, NJ 07724 c/o Lisa Braun, deponent served the within on *The Estate of Helen Mehlman c/o Lisa Braun*, the defendant named therein, in the following manner:

## PERSONAL SERVICE

By delivering to and leaving with *Lisa Braun* personally a true copy thereof, said person being known or identified to me as the person mentioned and described therein.

Deputy Notes:

Fees Received from Attorney: Summons & Complaint ($22.00), Mileage ($19.76), Second Defendant ($20.00), Other Defendant ($16.00), Other Defendant ($16.00), Return of Service ($2.00) Total Charges $95.76

Attorney Name: McDowell Riga, c/o Ellen M McDowell46 West Main St Maple Shade, NJ 08052

*Thomas Smith*

Thomas Smith
Deputy Sheriff

66-32
Badge Number

entered by: Helen Burns

EXHIBIT "C"

**COPY**

**McDowell Riga**
*A Professional Corporation*
**46 W. Main Street**
**Maple Shade, NJ 08052**
**Telephone: (856) 482-5544**
**Telecopier: (856) 482-5511**

----------------------------------------------------------X

| | | |
|---|---|---|
| **MARK FINKELSTEIN AND** | : | **SUPERIOR COURT OF** |
| **ELIYAHU WEINSTEIN,** | : | **NEW JERSEY** |
| | : | |
| **Plaintiffs** | : | **CHANCERY DIVISION** |
| | : | **MONMOUTH COUNTY** |
| v. | : | |
| **M & C INVESTMENT, THE ESTATE OF** | : | **DOCKET NO. C-90-04** |
| **HELEN MEHLMAN, RAY COHEN, and** | : | |
| **PENN QUALITY FURNITURE, INC.** | : | **CIVIL ACTION** |
| **Defendants** | : | |

----------------------------------------------------------X   **NOTICE OF LIS PENDENS**

TO WHOM IT MAY CONCERN:

Please be advised that an action entitled above has been filed and is now pending in the Superior Court of New Jersey, Monmouth County, Chancery Division. The action seeks to restrain the sale of the premises at 41 Ridge Avenue, Neptune Township, New Jersey due to an agreement between the parties not to sell the premises for twenty years and to lease the premises to the plaintiff.

The real property affected by said action is a warehouse in the Township of Neptune, County of Monmouth and State of New Jersey, known as Block 198, Lots 7, 8, and 773 through 776, located at 41 Ridge Avenue, Neptune Township, New Jersey.

The Complaint in the above entitled action was filed in the Superior Court of New Jersey, Monmouth County, Chancery Division, Courthouse, 71 Monument Park, P.O. Box 1266, Freehold, NJ 07728, on March 5, 2004.

McDOWELL RIGA

Attorneys for Mark Finkelstein and
Eliyahu Weinstein

By: _Ellen M. McDowell_

Ellen M. McDowell

M. CLAIRE FRENCH
COUNTY CLERK
MONMOUTH COUNTY
NEW JERSEY

INSTRUMENT NUMBER
2004062391
RECORDED ON
Mar 22, 2004
10:23:34 AM
BOOK:OR-8342
PAGE:682
Total Pages:1

COUNTY RECORDING FEES          $23.00
DEDICATED TRUST FUND $2.00
COMMISSION
NJ PRESERVATION              $5.00
ACCOUNT
TOTAL                       $30.00

EXHIBIT "D"

LEVIN, SPECTOR & KARASIC, ESQS.
Atlantic Executive Center
107 Monmouth Road
West Long Branch, NJ   07764
(732)544-1166
Attorneys for Defendants

|                                                       |   |                                                     |
|-------------------------------------------------------|---|-----------------------------------------------------|
|                                                       | : | SUPERIOR COURT OF NEW JERSEY                        |
| MARK FINKELSTEIN and                                  | : | CHANCERY DIVISION-MONMOUTH COUNTY                   |
| ELIYAHU WEINSTEIN                                     | : |                                                     |
|                                                       | : |                                                     |
| Plaintiffs                                            | : |                                                     |
|                                                       | : | Docket No. C-90-04                                  |
| vs.                                                   | : |                                                     |
|                                                       | : | Civil Action                                        |
| THE ESTATE OF HELEN MEHLMAN,                          | : |                                                     |
| M&C INVESTMENT, RAY COHEN                             | : | ANSWER TO COMPLAINT                                 |
| and PENN QUALITY FURNITURE,                           | : |                                                     |
| INC.                                                  | : |                                                     |
|                                                       | : |                                                     |
| Defendants                                            | : |                                                     |

The defendants, THE ESTATE OF HELEN MEHLMAN, M&C INVESTMENT, RAY COHEN and PENN QUALIFY FURNITURE, INC., by way of Answer to the Complaint of the plaintiffs, MARK FINKELSTEIN and ELIYAHU WEINSTEIN, say:

1.   The defendants have insufficient information to either admit or deny the allegations of Paragraph 1 and leave the plaintiffs to their proofs.

2.   The defendants have insufficient information to either admit or deny the allegations of Paragraph 2 and leave the plaintiffs to their proofs.

3.   The defendants admit the allegations of Paragraph 3.

4.    The defendants admit the allegations of Paragraph 4.

5.    The defendants admit the allegations of Paragraph 5.

6.    The defendants deny the allegations of Paragraph 6 as Penn Quality Furniture, Inc. has been dissolved.

7.    Paragraph 7 is a superfluous allegation but the defendants do not dispute jurisdiction.

8.    The defendants deny the allegations of Paragraph 8, except that they admit that Penn Quality Furniture, Inc. sold a furniture business to the plaintiffs on or about January 20, 2002 and that the real property on which the Penn Quality Furniture business was located at 1312 Corlies Avenue was acquired by the plaintiffs from Ray Cohen and his wife, Sylvia.

9.    The defendants deny the allegations of Paragraph 9, except to admit the contents of the contract which speaks for itself.

10.    The defendants deny the allegations of Paragraph 10.

11.    The defendants deny the allegations of Paragraph 11, except to admit the existence of the contract and state that the contract speaks for itself.

12.    The defendants admit that, on the date that the furniture business was acquired by the plaintiffs, the plaintiffs executed a lease for the property known as 41 Ridge Avenue, Neptune Township, New Jersey, but deny the remaining allegations of Paragraph 12.

13.    The defendants admit the allegations of Paragraph 13.

14.   The defendants deny the allegations of Paragraph 14 and affirmatively state that the contract and lease speak for themselves.

15.   The defendants deny the allegations of Paragraph 15.

16.   The defendants admit the allegations of Paragraph 16 and further state that the notice to the plaintiffs was pursuant to the right of first refusal contained in the lease.

17.   The defendants deny the allegations of Paragraph 17.

18.   The defendants deny the allegations of Paragraph 18.

### COUNT I

19.   The defendants repeat their answers to Paragraphs 1 through 18 of the Complaint and make them a part hereof as if set forth herein at length.

20.   The defendants deny the allegations of Paragraph 20.

21.   The defendants deny the allegations of Paragraph 21.

22.   The defendants deny the allegations of Paragraph 22.

23.   The defendants deny the allegations of Paragraph 23.

24.   The defendants deny the allegations of Paragraph 24.

WHEREFORE, the defendants, THE ESTATE OF HELEN MEHLMAN, M&C INVESTMENT, RAY COHEN and PENN QUALIFY FURNITURE, INC., demand Judgment for dismissal of the Complaint of the plaintiffs, MARK FINKELSTEIN and ELIYAHU WEINSTEIN, and that the Court award counsel fees and Court costs to the defendants.

### COUNT II

25.   The defendants repeat their answers to Paragraphs 1

-3-

through 24 of the Complaint and make them a part hereof as if set forth herein at length.

26.   The defendants deny the allegations of Paragraph 26.

27.   The defendants deny the allegations of Paragraph 27.

WHEREFORE, the defendants, THE ESTATE OF HELEN MEHLMAN, M&C INVESTMENT, RAY COHEN and PENN QUALIFY FURNITURE, INC., demand Judgment for dismissal of the Complaint of the plaintiffs, MARK FINKELSTEIN and ELIYAHU WEINSTEIN, and that the Court award counsel fees and Court costs to the defendants.

### COUNT III

28.   The defendants repeat their answers to Paragraphs 1 through 27 of the Complaint and make them a part hereof as if set forth herein at length.

29.   The defendants repeat their answer to Paragraph 28 as this paragraph is identical to Paragraph 28.

30.   The defendants deny the allegations of Paragraph 30.

WHEREFORE, the defendants, THE ESTATE OF HELEN MEHLMAN, M&C INVESTMENT, RAY COHEN and PENN QUALIFY FURNITURE, INC., demand Judgment for dismissal of the Complaint of the plaintiffs, MARK FINKELSTEIN and ELIYAHU WEINSTEIN, and that the Court award counsel fees and Court costs to the defendants.

### FIRST SEPARATE DEFENSE

The Complaint fails to set forth a cause of action upon which relief can be granted.

### SECOND SEPARATE DEFENSE

The defendants plead the defense of equitable estoppel.

-4-

### THIRD SEPARATE DEFENSE

The defendants plead the defense of laches.

### FOURTH SEPARATE DEFENSE

The defendants plead the defense of unclean hands.

### FIFTH SEPARATE DEFENSE

The defendants plead the defense of Statute of Frauds.

LEVIN, SPECTOR & KARASIC
Attorneys for Defendants

By:    _____
       ARNOLD B. LEVIN

Date:   March 31, 2004

I certify that the within Answer to Complaint has been filed and served within the time prescribed by the Rules of Court.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to the Rules of Court, Arnold B. Levin, Esq. is hereby designated as trial counsel.

### NOTICE OF OTHER ACTIONS

Defendants represent that there are other matters of litigation, either existing or pending, which relate to this transaction, as follows:

1.   M&C Investment vs. Mark Finkelstein and Eli Weinstein, Superior Court of New Jersey, Law Division, Monmouth County, Special Civil Part, bearing Docket No. LT-001633-04, which is a tenancy action by which the defendant, M&C Investment, as plaintiff, seeks to recover possession of the property known as 41 Ridge Avenue, Neptune Township, New Jersey, by reason of the

-5-

failure of the plaintiffs to pay the rent obligations required by the lease.

2.    Ray Cohen vs. Mark Finkelstein - This suit has not yet been filed but concerns a Note from Mark Finkelstein to Ray Cohen, which Note is in default and for which Ray Cohen intends to file suit for the unpaid balance due.

3.    Ray Cohen and Sylvia Cohen vs. Mark Finkelstein and Eliyahu Weinstein - Ray Cohen and Sylvia Cohen, as the first purchase money mortgagees on the property known as 1316 Corlies Avenue, Neptune, New Jersey, have given notice of default on the Mortgage to the plaintiffs, who are the mortgagors, and are about to file a Mortgage Foreclosure action against the plaintiffs.

4.    Mark Finkelstein and Robyn Finkelstein have filed a Chapter 7 Bankruptcy in the U.S. Bankruptcy Court, District of New Jersey, bearing Case No. 04-12785, which may or may not have any impact on the Complaint that the plaintiffs have filed but which has caused an automatic stay of the tenancy action identified in Number 1 above.

ARNOLD B. LEVIN

Date:   March 31, 2004

-6-

EXHIBIT "E"

LEVIN, SPECTOR & KARASIC, ESQS.
Atlantic Executive Center
107 Monmouth Road
West Long Branch, NJ   07764
(732)544-1166
Attorneys for Defendants

|  |  |
|---|---|
| MARK FINKELSTEIN and ELIYAHU WEINSTEIN | : SUPERIOR COURT OF NEW JERSEY<br>: CHANCERY DIVISION-MONMOUTH COUNTY |

MARK FINKELSTEIN and      :  SUPERIOR COURT OF NEW JERSEY
ELIYAHU WEINSTEIN         :  CHANCERY DIVISION-MONMOUTH COUNTY
                          :
            Plaintiffs    :
                          :       Docket No. C-90-04
         vs.              :
                          :          Civil Action
THE ESTATE OF HELEN MEHLMAN, :
M&C INVESTMENT, RAY COHEN :  NOTICE OF MOTION TO COMPEL
and PENN QUALITY FURNITURE, : PROBABILITY HEARING PURSUANT
INC.                      :  TO N.J.S. 2A:15-7(b) RETURNABLE
                          :  FRIDAY, MAY 14, 2004 AND
            Defendants    :  SUBMITTED PURSUANT TO RULE
                          :  1:6-2

To:  Ellen M. McDowell, Esq.
     McDowell Riga
     Attorneys for Plaintiffs
     46 West Main Street
     Maple Shade, NJ   08052

     PLEASE TAKE NOTICE that on Friday, May 16, 2004, at 9 o'clock
in the forenoon or as soon thereafter as counsel may be heard, the
undersigned, attorney for the defendants, The Estate of Helen
Mehlman, M&C Investment, Ray Cohen and Penn Quality Furniture,
Inc., shall apply to the Superior Court of New Jersey, Chancery
Division, Monmouth County, before the Honorable Alexander D.
Lehrer, J.S.C. at the Monmouth County Court House, Freehold, New
Jersey, requesting that the Court schedule a Probability Hearing

pursuant to <u>N.J.S.</u> 2A:15-7(b) to determine whether the Lis Pendens filed by the plaintiffs should be discharged of record.

PLEASE TAKE FURTHER NOTICE that the undersigned shall rely upon the Certification of the defendant, Ray Cohen, in support of this Motion.

PLEASE TAKE FURTHER NOTICE that this Motion is being submitted with a proposed form of Order pursuant to <u>Rule</u> 1:6-2.   Unless you notify the Clerk and the undersigned, in writing, that you object to the entry thereof, the Court, at its discretion, may grant the relief being sought.

LEVIN, SPECTOR & KARASIC<br>
Attorneys for Defendants

By: _____
                    ARNOLD B. LEVIN

Date:    April 16, 2004

I certify that the original and one copy of the within Notice of Motion, Certification of Ray Cohen and Brief in support thereof, together with original and three copies of the proposed form of Order, have been forwarded to the Honorable Alexander D. Lehrer, J.S.C. at the Superior Court of New Jersey, Monmouth County Court House, Freehold, New Jersey  07728, and that photocopies of the Motion, Certification, Brief and proposed form of Order have been mailed, this date, by certified mail, return receipt requested, to Ellen M. McDowell, Esq., McDowell Riga, 46 West Main Street, Maple Shade, New Jersey.

_____
ARNOLD B. LEVIN

Date: April 16, 2004

-2-

LEVIN, SPECTOR & KARASIC, ESQS.
Atlantic Executive Center
107 Monmouth Road
West Long Branch, NJ   07764
(732) 544-1166
Attorneys for Defendants

|  |  |
|---|---|
| MARK FINKELSTEIN and ELIYAHU WEINSTEIN <br><br> Plaintiffs <br><br> vs. <br><br> THE ESTATE OF HELEN MEHLMAN, M&C INVESTMENT, RAY COHEN and PENN QUALITY FURNITURE, INC. <br><br> Defendants | SUPERIOR COURT OF NEW JERSEY <br> CHANCERY DIVISION-MONMOUTH COUNTY <br><br> Docket No. C-90-04 <br><br> Civil Action <br><br> CERTIFICATION OF RAY COHEN IN SUPPORT OF NOTICE OF MOTION RETURNABLE ON FRIDAY, MAY 14, 2004 |

RAY COHEN, by way of Certification, says:

1.    I am a defendant, individually, in this litigation, I am also the owner of fifty percent of M&C Investment, which owns the real property known as 41 Ridge Avenue, Neptune Township, New Jersey, and I was the sole stockholder of Penn Quality Furniture, Inc.

2.    During or about January 21, 2002, my wife, Sylvia Cohen and I, sold the real property known as 1316 Corlies Avenue, Neptune Township, New Jersey, to Mark Finkelstein and Eliyahu Weinstein, the plaintiffs in the above matter.  On the same date, my wife and I took back purchase money financing in the amount of $100,000.00.

3.    On or about January 21, 2002, as the sole stockholder of Penn Quality Furniture, Inc., I sold the business to the plaintiffs, which business had been located at 1316 Corlies Avenue, Neptune Township, New Jersey.

4.    On or about January 21, 2002, the defendant, M&C Investment, as the owner of the property known as 41 Ridge Avenue, Neptune Township, New Jersey, executed a Lease to the plaintiffs, Mark Finkelstein and Eli Weinstein, a copy of which is attached hereto as Exhibit "A".

5.    M&C Investment was a partnership of which I owned fifty (50) percent. The remaining fifty (50) percent was owned by Helen Mehlman who has since deceased. Helen Mehlman's Will has been admitted to probate by the Surrogate of Monmouth County and her daughter, Lisa Braun, has qualified as Executrix.

6.    The property at 41 Ridge Avenue which was leased to the plaintiffs is the subject of the Lis Pendens which the plaintiffs have caused to be recorded in the Office of the Clerk of Monmouth County on March 22, 2004 in Official Records Book 8342 at Page 682.

7.    The property known as 1316 Corlies Avenue, Neptune Township, New Jersey, which my wife and I sold to the plaintiffs, is the retail location in which Penn Quality Furniture, Inc. had operated its business for many years.

8.    The property known as 41 Ridge Avenue, Neptune Township, New Jersey, is a commercial property which was occupied on or about January 21, 2002 by three tenants. A portion of the building was

-2-

occupied by the plaintiffs for warehouse purposes under the terms of the Lease identified above as Exhibit "A", a portion was occupied by Gordon Danieli who is engaged in the interior design business, and a portion of the premises is occupied by me, individually, for use by my wife, Sylvia Cohen, or me.

9.    The Lease to the plaintiffs which is undated but which was executed at the time of the closing of title permits the plaintiffs to remain in the premises for an indefinite period of time and ". . . until premises are sold." The tenants' only obligation was to pay the real estate taxes, water and sewer charges and maintain the property. The applicable rent obligation is set forth in Paragraph 27 of the Lease which provides as follows:

> "27. This is a triple net lease. The tenant is not obligated to pay rent but for the $1.00. He is, however, responsible for all utilities, real estate taxes, water and sewer charges, municiapal (sic) improvements, repair and maintenance of all mechanical systems including heating and cooling as well as all structural repairs, i.e., roof repairs and the like. In addition, Tenant agees (sic) the landlord shall retain approximately 1000 square feet for his personal use at the subject property. Moreover, tenant acknowledges and agrees there is also a current tenant occupying approximately 2000 square feet, namely Gordon Danielli and Design Studio. Tenant agrees Design Studi (sic) can continue its lease and renew same when it naturally terminates negotiating his lease directly with landlord provided Design Studio's square footage does not change. Landlord shall be entitled to collect all rents from Design Studio to the exclusion of

-3-

> tenant Mark Finkelstein and Eli Weinstein, for
> the entire term of this Lease."

10.    The Lease also contained a right of first refusal which provided, on the first page of the Lease, as follows:

> ". . . Landlord hereby grants Tenant a right
> of first refusal to purchase premises under
> the same terms and conditions as any proposed
> purchaser agrees, by signed contract, to
> purchase from landlord.  Said right of first
> refusal shall be exercized (sic) within 30
> days from presentation of the aforesaid signed
> contract (by way of written acceptance) or
> shall expire."

11.    During or about February 2, 2004, M&C Investment executed a Contract for the sale of 41 Ridge Avenue, Neptune Township, New Jersey, to Dwek Properties, LLC (a copy of the Contract is attached hereto as Exhibit "B").

12.    On February 5, 2004, Arnold B. Levin, Esq., as attorney for M&C Investment, sent notices to the plaintiffs by Certified Mail, Return Receipt Requested, and by regular mail, enclosing a copy of the Contract and giving the plaintiffs the opportunity to exercise the right of first refusal (letter attached hereto as Exhibit "C"; Certified Mail Receipts attached hereto as Exhibit "D").  The plaintiffs failed to exercise their right of first refusal and, instead, filed the lawsuit which is before the Court at this time and caused the Notice of Lis Pendens identified previously to be recorded (a copy of which is attached hereto as Exhibit "E").

13.    This Certification is being submitted in support of the Notice of Motion requesting the Court to schedule a hearing to determine the probability that final Judgment will be entered in favor of the plaintiffs sufficient to satisfy the continuation of the Notice of Lis Pendens or, if no such finding is made, enter an Order directing that the Lis Pendens be discharged.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

_____
RAY COHEN

Date:   April 15, 2004

JULIUS BLUMBERG, INC., LAW BLANK PUBLISHERS
80 EXCHANGE PLACE AT BROADWAY, NEW YORK

# This Lease, dated the                    day of                    XXXX

Between

**Parties**

M&C Investment

hereinafter referred to as the Landlord, and

Mark Finkelstein *and Eli Weinstein*

hereinafter referred to as the Tenant,

WITNESSETH: That the Landlord hereby demises and leases unto the Tenant, and the Tenant hereby hires and takes from the Landlord for the term and upon the rentals hereinafter specified, the premises described as follows, situated in the Township        of    Neptune
County of    Monmouth        and State of    New Jersey

41 Ridge Avenue, Neptune, New Jersey

**Premises**

*until premises are sold. Landlord agrees hereby grants Tenant a right of first refusal to purchase premises under the same terms and conditions as any proposed purchaser agrees, by signed contract, to purchase from Landlord*

**Term**

The term of this demise shall be for ~~three (3) years~~ *Said Right of first*
beginning                        XX        and ending *30 days from presenta...* *shall be exercised within*

**Rent**

The rent for the demised term shall be zero dollars subject to certain terms
and conditions discussed in paragraph 27, which shall accrue at the yearly rate of *of the aforesaid signed contract (by way of written acceptance) or shall expire.*

The said rent is to be payable monthly in advance on the first day of each calendar month for the term hereof, in instalments as follows:

**Payment of Rent**

NOT APPLICABLE                    *$1 Ha su*
                                 *( Sufficiency )*

at the office of
or as may be otherwise directed by the Landlord in writing.

## THE ABOVE LETTING IS UPON THE FOLLOWING CONDITIONS:

**Peaceful Possession**

*First.*—The Landlord covenants that the Tenant, on paying the said rental and performing the covenants and conditions in this Lease contained, shall and may peaceably and quietly have, hold and enjoy the demised premises for the term aforesaid.

*Second.*—The Tenant covenants and agrees to use the demised premises as a

**Purpose**

warehouse for a furniture store

and agrees not to use or permit the premises to be used for any other purpose without the prior written consent of the Landlord endorsed hereon.

**Default in Payment of Rent**

**Abandonment of Premises**

**Re-entry and Reletting by Landlord**

*Third.*—The Tenant shall, without any previous demand therefor, pay to the Landlord, or its agent, the said rent at the times and in the manner above provided. In the event of the non-payment of said rent, or any instalment thereof, at the times and in the manner above provided, and if the same shall remain in default for ten days after becoming due, or if the Tenant shall be dispossessed for non-payment of rent, or if the leased premises shall be deserted or vacated, the Landlord or its agents shall have the right to and may enter the said premises as the agent of the Tenant, either by force or otherwise, without being liable for any prosecution or damages therefor, and may relet the premises as the agent of the Tenant, and receive the rent therefor, upon such terms as shall be satisfactory to the Landlord, and all rights of the Tenant to repossess the premises under this lease shall be forfeited. Such re-entry by the Landlord shall not operate to release the Tenant from any rent to be paid or covenants to be performed hereunder during the full term of this lease. For the purpose of reletting, the Landlord shall be authorized to make such repairs or alterations in or to the leased premises as may be necessary to place the same in good order and condition. The Tenant shall be liable to the Landlord for the cost of such repairs or alterations, and all expenses of such reletting. If the sum realized or to be realized from the reletting is insufficient to satisfy the monthly or term rent provided in this lease, the Landlord, at its

**Alterations and Improvements**

prior written consent of the Landlord. All erections, alterations, additions and improvements, whether temporary or permanent in character, which may be made upon the premises either by the Landlord or the Tenant, except furniture or movable trade fixtures installed at the expense of the Tenant, shall be the property of the Landlord and shall remain upon and be surrendered with the premises as a part thereof at the termination of this Lease, without compensation to the Tenant. The Tenant further agrees to keep said premises and all parts thereof in a clean and sanitary condition and free from trash, inflammable material and other objectionable matter. If this lease covers premises, all or a part of which are on the ground floor, the Tenant further agrees to keep the sidewalks in front of such ground floor portion of the demised premises clean and free of obstructions, snow and ice.

**Sanitation, Inflammable Materials**

**Sidewalks**

**Mechanics' Liens**

*Sixth.*—In the event that any mechanics' lien is filed against the premises as a result of alterations, additions or improvements made by the Tenant, the Landlord, at its option after thirty days' notice to the Tenant, may terminate this lease and may pay the said lien, without inquiring into the validity thereof, and the Tenant shall forthwith reimburse the Landlord the total expense incurred by the Landlord in discharging the said lien, as additional rent hereunder.

**Glass**

*Seventh.*—The Tenant agrees to replace at the Tenant's expense any and all glass which may become broken in and on the demised premises. Plate glass and mirrors, if any, shall be insured by the Tenant at their full insurable value in a company satisfactory to the Landlord. Said policy shall be of the full premium type, and shall be deposited with the Landlord or its agent.

**Liability of Landlord**

*Eighth.*—The Landlord shall not be responsible for the loss of or damage to property, or injury to persons, occurring in or about the demised premises, by reason of any existing or future condition, defect, matter or thing in said demised premises or the property of which the premises are a part, or for the acts, omissions or negligence of other persons or tenants in and about the said property. The Tenant agrees to indemnify and save the Landlord harmless from all claims and liability for losses of or damage to property, or injuries to persons occurring in or about the demised premises.

**Services and Utilities**

*Ninth.*—Utilities and services furnished to the demised premises for the benefit of the Tenant shall be provided and paid for as follows: water by the tenant ; gas by the tenant ; electricity by the tenant ; heat by the tenant ; refrigeration by the tenant ; hot water by the tenant .

The Landlord shall not be liable for any interruption or delay in any of the above services for any reason.

**Right to Inspect and Exhibit**

*Tenth.*—The Landlord, or its agents, shall have the right to enter the demised premises at reasonable hours in the day or night to examine the same, or to run telephone or other wires, or to make such repairs, additions or alterations as it shall deem necessary for the safety, preservation or restoration of the improvements, or for the safety or convenience of the occupants or users thereof (there being no obligation, however, on the part of the Landlord to make any such repairs, additions or alterations), or to exhibit the same to prospective purchasers and put upon the premises a suitable "For Sale" sign. For three months prior to the expiration of the demised term, the Landlord, or its agents, may similarly exhibit the premises to prospective tenants, and may place the usual "To Let" signs thereon.

**Damage by Fire, Explosion, The Elements or Otherwise**

*Eleventh.*—In the event of the destruction of the demised premises or the building containing the said premises by fire, explosion, the elements or otherwise during the term hereby created, or previous thereto, or such partial destruction thereof as to render the premises wholly untenantable or unfit for occupancy, or should the demised premises be so badly injured that the same cannot be repaired within ninety days from the happening of such injury, then and in such case the term hereby created shall, at the option of the Landlord, cease and become null and void from the date of such damage or destruction, and the Tenant shall immediately surrender said premises and all the Tenant's interest therein to the Landlord, and shall pay rent only to the time of such surrender, in which event the Landlord may re-enter and re-possess the premises thus discharged from this lease and may remove all parties therefrom. Should the demised premises be rendered untenantable and unfit for occupancy, but yet be repairable within ninety days from the happening of said injury, the Landlord may enter and repair the same with reasonable speed, and the rent shall not accrue after said injury or while repairs are being made, but shall recommence immediately after said repairs shall be completed. But if the premises shall be so slightly injured as not to be rendered untenantable and unfit for occupancy, then the Landlord agrees to repair the same with reasonable promptness and in that case the rent accrued and accruing shall not cease or determine. The Tenant shall immediately notify the Landlord in case of fire or other damage to the premises.

**Observation of Laws, Ordinances, Rules and Regulations**

*Twelfth.*—The Tenant agrees to observe and comply with all laws, ordinances, rules and regulations of the Federal, State, County and Municipal authorities applicable to the business to be conducted by the Tenant in the demised premises. The Tenant agrees not to do or permit anything to be done in said premises, or keep anything therein, which will increase the rate of fire insurance premiums on the improvements or any part thereof, or on property kept therein, or which will obstruct or interfere with the rights of other tenants, or conflict with the regulations of the Fire Department or with any insurance policy upon said improvements or any part thereof. In the event of any increase in insurance premiums resulting from the Tenant's occupancy of the premises, or from any act or omission on the part of the Tenant, the Tenant agrees to pay said increase in insurance premiums on the improvements or contents thereof as additional rent.

**Signs**

*Thirteenth.*—No sign, advertisement or notice shall be affixed to or placed upon any part of the demised premises by the Tenant, except in such manner, and of such size, design and color as shall be approved in advance in writing by the Landlord.

**Subordination to Mortgages and Deeds of Trust**

*Fourteenth.*—This lease is subject and is hereby subordinated to all present and future mortgages, deeds of trust and other encumbrances affecting the demised premises or the property of which said premises are a part. The Tenant agrees to execute, at no expense to the Landlord, any instrument which may be deemed necessary or desirable by the Landlord to further effect the subordination of this lease to any such mortgage, deed of trust or encumbrance.

*Fifteenth.*—In the event of the sale by the Landlord of the demised premises, or the property of which said

**Notices**

*Eighteenth.*—All notices and demands, legal or otherwise, incidental to this lease, or the occupation of the demised premises, shall be in writing. If the Landlord or its agent desires to give or serve upon the Tenant any notice or demand, it shall be sufficient to send a copy thereof by registered mail, addressed to the Tenant at the demised premises, or to leave a copy thereof with a person of suitable age found on the premises, or to post a copy thereof upon the door to said premises. Notices from the Tenant to the Landlord shall be sent by registered mail or delivered to the Landlord at the place hereinbefore designated for the payment of rent, or to such party or place as the Landlord may from time to time designate in writing. This instrument may not be changed orally.

**Bankruptcy, Insolvency, Assignment for Benefit of Creditors**

*Nineteenth.*—It is further agreed that if at any time during the term of this lease the Tenant shall make any assignment for the benefit of creditors, or be decreed insolvent or bankrupt according to law, or if a receiver shall be appointed for the Tenant, then the Landlord may, at its option, terminate this lease, exercise of such option to be evidenced by notice to that effect served upon the assignee, receiver, trustee or other person in charge of the liquidation of the property of the Tenant or the Tenant's estate, but such termination shall not release or discharge any payment of rent payable hereunder and then accrued, or any liability then accrued by reason of any agreement or covenant herein contained on the part of the Tenant, or the Tenant's legal representatives.

**Holding Over by Tenant**

*Twentieth.*—In the event that the Tenant shall remain in the demised premises after the expiration of the term of this lease without having executed a new written lease with the Landlord, such holding over shall not constitute a renewal or extension of this lease. The Landlord may, at its option, elect to treat the Tenant as one who has not removed at the end of his term, and thereupon be entitled to all the remedies against the Tenant provided by law in that situation, or the Landlord may elect, at its option, to construe such holding over as a tenancy from month to month, subject to all the terms and conditions of this lease, except as to duration thereof, and in that event the Tenant shall pay monthly rent in advance at the rate provided herein as effective during the last month of the demised term.

**Eminent Domain, Condemnation**

*Twenty-first.*—If the property or any part thereof wherein the demised premises are located shall be taken by public or quasi-public authority under any power of eminent domain or condemnation, this lease, at the option of the Landlord, shall forthwith terminate and the Tenant shall have no claim or interest in or to any award of damages for such taking.

**Arbitration**

*Twenty-second.*—Any dispute arising under this lease shall be settled by arbitration. The Landlord and Tenant shall each choose an arbitrator, and the two arbitrators thus chosen shall select a third arbitrator. The findings and award of the three arbitrators thus chosen shall be final and binding on the parties hereto.

**Delivery of Lease**

*Twenty-third.*—No rights are to be conferred upon the Tenant until this lease has been signed by the Landlord, and an executed copy of the lease has been delivered to the Tenant.

**Lease Provisions Not Exclusive**

*Twenty-fourth.*—The foregoing rights and remedies are not intended to be exclusive but as additional to all rights and remedies the Landlord would otherwise have by law.

**Lease Binding on Heirs, Successors, Etc.**

*Twenty-fifth.*—All of the terms, covenants and conditions of this lease shall inure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns of the parties hereto. However, in the event of the death of the Tenant, if an individual, the Landlord may, at its option, terminate this lease by notifying the executor or administrator of the Tenant at the demised premises.

*Twenty-sixth.*—This lease and the obligation of Tenant to pay rent hereunder and perform all of the other covenants and agreements hereunder on part of Tenant to be performed shall in nowise be affected, impaired or excused because Landlord is unable to supply or is delayed in supplying any service expressly or impliedly to be supplied or is unable to make, or is delayed in making any repairs, additions, alterations or decorations or is unable to supply or is delayed in supplying any equipment or fixtures if Landlord is prevented or delayed from so doing by reason of governmental preemption in connection with the National Emergency declared by the President of the United States or in connection with any rule, order or regulation of any department or subdivision thereof of any governmental agency or by reason of the conditions of supply and demand which have been or are affected by the war.

Twenty-seven.  This is a triple net lease.  The tenant is not obligated to pay rent.  He is, however, responsible for all utilities, real estate taxes, water and sewer, repair and maintenance of all mechanical systems including heating and cooling as well as all structural repairs, i.e., roof repairs and the like.  In addition, Tenant agrees the Landlord shall retain approx. 1000 square feet for his personal use at the subject property.  Moreover, Tenant acknowledges and agrees there is also a current tenant occupying approximately 2000 square feet, namely Gordon Danielli and Design Studio.  Tenant agrees Design Studio can coninue its lease and renew same when it naturally terminates negotiating his lease directly with Landlord provided Design Studio's square footage does not change.  Landlord shall be entitled to collect all rents from Design Studio to the exclusion of Tenant, Mark Finkelstein, for the entire term of this Lease.

## GUARANTY

In consideration of the execution of the within lease by the Landlord, at the request of the undersigned and in reliance of this guaranty, the undersigned hereby guarantees unto the Landlord, its successors and assigns, the prompt payment of all rent and the performance of all of the terms, covenants and conditions provided in said lease, hereby waiving all notice of default, and consenting to any extensions of time or changes in the manner of payment or performance of any of the terms and conditions of the said lease the Landlord may grant the Tenant, and further consenting to the assignment and the successive assignments of the said lease, and any modifications thereof, including the sub-letting and changing of the use of the demised premises, all without notice to the undersigned. The undersigned agrees to pay the Landlord all expenses incurred in enforcing the obligations of the Tenant under the within lease and in enforcing this guaranty.

Witness :........................................................................          ........................................................................(SEAL)

.........................................................................          ........................................................................(SEAL)

Date :.........................................................................

**Lease**

Landlord

to

Tenant

Premises leased :

From ........................

To :........................

## ASSIGNMENT AND ACCEPTANCE OF ASSIGNMENT

For value received the undersigned Tenant hereby assigns all of said Tenant's right, title and interest in and to

the within lease from and after                                   unto

heirs, successors, and assigns, the demised premises to be used and occupied for

and for no other purpose, it being expressly agreed that this assignment shall not in any manner relieve the undersigned assignor from liability upon any of the covenants of this lease.

Witness :........................................................................          ........................................................................(SEAL)

.........................................................................          ........................................................................(SEAL)

Date :.........................................................................

In consideration of the above assignment and the written consent of the Landlord thereto, the undersigned assignee,

hereby assumes and agrees from and after                                   to make all payments and to perform all covenants and conditions provided in the within lease by the Tenant therein to be made and performed.

Witness :........................................................................          ........................................................................(SEAL)

........................................................................(SEAL)

## CONTRACT FOR SALE OF REAL ESTATE

THIS CONTRACT, made this __2nd__ day of ~~JANUARY~~ FEBRUARY, 2004,
BETWEEN:

**THE ESTATE OF HELEN MEHLMAN and M & C INVESTMENT**
C/O Ms. Lisa Braun, Executor
11 Farm Lane
Eatontown, NJ 07724

(hereinafter referred to as "Seller")

AND:

**DWEK PROPERTIES, LLC, or a Permitted Assignee**
200 Wall Street
P.O. Box 98
West Long Branch, NJ 07764

(hereinafter referred to as "Buyer")

## W I T N E S S E T H:

The Seller, for and in consideration of the purchase price as hereafter provided to be paid and satisfied as stipulated herein, and also in consideration of the covenants and agreements herein contained and to be performed by the Buyer, agrees to convey to the Buyer, free from any liens, claims and encumbrances, except as this Contract for Sale of Real Estate (the "Contract") may otherwise provide, by Deed of Bargain and Sale with Covenants Against Grantors' Acts, on the date herein fixed for the closing of title:

1.    <u>THE PROPERTY</u>.    All that certain tract or parcel of land, together with the improvements thereon and the privileges and appurtenances thereto appertaining, situate, lying and being in the **Township of Neptune** in the **County of Monmouth**, State of New Jersey, more particularly described as **Block 198, Lots 7, 8 and 773 through 776, inclusive,** on the Tax Map of the **Township of Neptune, County of Monmouth**, State of New Jersey. The property is more commonly known as **41 Ridge Avenue, Neptune Township, New Jersey** and is described in greater detail in the attached Schedule A.

2.    <u>GOVERNING LAW</u>.    This conveyance is subject to applicable municipal, state and federal laws and ordinances affecting the Property.

3.    <u>TITLE</u>.
A.    Title shall be marketable and insurable by a title company licensed to do business in the State of New Jersey at regular rates subject, however, to utility grants, easements, covenants, consents, agreements and other restrictions of record and any state of facts as may be revealed by an accurate survey of the Property, provided the same do not interfere with the existing use of the Property or any use which is permitted without variance. Nothing contained in this

1

Buyer _____    Seller _____

Paragraph shall be deemed as Seller making any representation as to whether the current uses of the property are permitted under the zoning ordinance.

        B.     If a search of the title discloses judgments, bankruptcies or other returns against other persons having names the same as or similar to that of the Seller, the Seller will, on request, deliver to the Buyer an affidavit showing that such judgments, bankruptcies or other items are not against the Seller.

4.    <u>PURCHASE PRICE</u>.

        A.     In consideration for conveyance to Buyer by Seller of the subject property set forth hereinabove, Buyer will pay Seller a total sum of **ONE HUNDRED SEVENTY THOUSAND ($170,000) DOLLARS**, in cash, by certified or attorney's trust check at closing.

        B.     The aforesaid purchase price will be paid as follows:

Cash upon execution of
this Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 50,000

Balance at closing . . . . . . . . . . . . . . . . . . . . . . . . <u>$120,000</u>

**Total** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>**$170,000**</u>

        C.     <u>Mortgage Contingency</u>. The Buyer represents and acknowledges that this Contract is <u>not</u> subject to any financing contingency.

        D.     <u>Contract Deposit</u>. Upon signing of this Contract, the initial contract deposit in the sum of **FIFTY THOUSAND ($50,000) DOLLARS** (the "Deposit") shall be paid to Seller's attorney in immediately available funds by check or wire transfer.

The Deposit is to be held in trust account of Seller's attorney (the "Escrow Agent") until closing of title or termination of the Contract pursuant to the terms contained herein. Accordingly, at closing, unless this Agreement is terminated in accordance with the provisions contained herein, the Deposit shall be paid to the Seller, provided, however, Buyer shall receive an appropriate credit against the purchase price at closing for the amount of the Deposit.

In the event this Contract and the Deposit shall be returned to the Buyer, whereupon both parties will be relieved of any and all obligations pursuant to this Agreement.

The Buyer and the Seller each agree to indemnify and hold the Escrow Agent harmless with respect to any responsibility or liability arising out of the performance of its duties as set forth herein, with the exception of negligent or intentional acts. In the event of Buyer's default, the parties agree that the Escrow Agent may after notice to Buyer and a ten (10) day period within which to object, release $15,000 from the Deposit to Seller as liquidated damages which shall be Seller's sole and exclusive remedy, unless Buyer objects to same with the permitted time period.

2

Buyer _____   Seller _____

The balance of the Deposit (i.e. $35,000) will be returned to the Buyer. Buyer acknowledges that it would be difficult, if not impossible, to measure Seller's damages in the event of breach and, therefore, the parties have agreed that the sum of $15,000 is a fair and reasonable estimate of Seller's damages in the Buyer's default.

    5.    DUE DILIGENCE.
        (A)    Time.  Buyer shall have **twenty (20) days** from the execution of this Agreement to conduct any and all due diligence and investigation it deems necessary and appropriate. The Buyer's due diligence may include, but not be limited to, the physical, environmental and structural condition of the property, the status of lease(s), the condition of the heating, ventilation, electrical, plumbing and air conditioning systems. During Buyer's due diligence, Seller shall provide Buyer and Buyer's representatives reasonable access to the Property. If Buyer is not satisfied with its investigation and analysis as aforesaid for any reason or no reason whatsoever, Buyer shall have the absolute right to terminate this Agreement; whereupon the return of the Deposit, neither party shall have any further liability each to the other.

        (B)    Indemnification. Buyer hereby agrees to indemnify, and shall pay, protect and hold Seller harmless from and against all liabilities, losses, claims, demands, costs, expenses (including attorney's fees and expenses) and judgments of any nature arising or alleged to arise, from or in connection with any injury to, or death of, any person or loss or damage to property in connection with Buyer's entry upon the property in connection with this Agreement of Sale.

    6.    CONDITION OF THE PROPERTY. EXCEPT AS SET FORTH TO THE CONTRARY IN THIS CONTRACT, THE PARTIES ACKNOWLEDGE AND AGREE THAT THE PREMISES ARE BEING CONVEYED IN AN "AS IS" CONDITION. Buyer further acknowledges that it has the right to conduct any and all due diligence it deems appropriate and it shall rely upon the same.
    Additionally, the Property shall be in substantially the same condition at the time of Closing as it is today. In this regard, Seller agrees not to execute any new Leases, Lease Extensions, Lease Modifications or take any other substantive action with respect to any Tenants, without first obtaining Buyer's approval of the same. Buyer agrees not to unreasonably withhold or delay its response to any request for approval.
    **Notwithstanding anything contained in this Contract to the contrary, the parties specifically acknowledge and agree that the Seller is not obligated to obtain a certificate of occupancy or any other transfer certificate from the Township of Neptune and any transfer obligations required by the municipality shall be the obligation of the Buyer.**

    7.    ADJUSTMENTS. All real estate taxes, utilities, water, rents actually paid, and security deposits, if any, and other customary items will be adjusted as of the date of closing of title.

    8.    ASSESSMENTS. If, at the time of execution of this Agreement or at any time prior to closing, the premises or any part thereof shall be or shall have been affected by an assessment or assessments which are or may become payable in annual installments, of which the first installment is then due or has been paid, then for the purposes of this Contract, all the unpaid installments of any such assessment, including those which are to become due and payable and to be liens upon the premises affected thereby shall be paid and discharged by the Seller.

3

Buyer _____ Seller _____

9.    POSSESSION.  Buyer shall be entitled to possession of the property, free and clear of the rights of any tenants or third parties in possession upon closing of title as contemplated by this Contract of Sale for Real Estate.  **With regard to the foregoing, the parties hereto acknowledge that there are presently two (2) tenants in possession, namely Gordon Danielli Design and Mark Finkelstein and Eli Weinstein.  Seller shall be obligated to evict (or otherwise have removed from the premises by any lawful means) at least ten (10) days prior to closing (the "Possession Contingency").**

10.    COMMISSIONS, EXPENSES AND FEES.
      A.    Brokerage Commission.  Each party represents and warrants each to the other that no brokers were involved in bringing about this transaction, **except Stafford Smith, LLC, who shall be paid a brokerage commission of Six (6%) of the purchase price by Seller at the time of closing.**  The commission shall not be deemed earned, due or payable until closing of title and Seller's receipt of the Purchase Price.  Each party does hereby agree to indemnify, save harmless and defend the other from and against any and all claims, demands, costs, fees, charges, expenses of any nature whatsoever arising out of any action based upon a claim inconsistent with the representations contained herein.

      B.    Fees, Taxes, Title Insurance.  Any duties or fees imposed by governmental authorities, including, but not limited to the payment of the realty transfer fee shall be the responsibility of the Seller.  Title insurance premiums shall be paid by Buyer.

11.    NOTICES.
      A.    In the event that the Seller desires to give notice with respect to any matter to the Buyer, said notice shall be sent by certified mail, return receipt requested to the Buyer at the address set forth above, with a copy to:

                    **Michael V. Benedetto, Esq.**
                    **Ansell Zaro Grimm & Aaron, P.C.**
                    **1500 Lawrence Avenue, CN 7807**
                    **Ocean Township, New Jersey 07712**

                    **Telephone:    (732) 922-1000**
                    **Facsimile:    (732) 922-6161**

      B.    In the event that the Buyer desires to give notice with respect to any matter to the Seller, said notice shall be sent certified mail, return receipt requested to the Seller at the address set forth above, with a copy to:

                    **Arnold Levin, Esq.**
                    **Levin Spector & Karasic**
                    **107 Monmouth Road**
                    **West Long Branch, New Jersey 07764**

4

Buyer _____  Seller _____

**Telephone:    (732) 544-1166**
**Facsimile:    (732) 389-3457**

12.    CLOSING DATE. Closing of title and delivery of Deed shall take place on about the later of: (a) forty-five (45) days from the date this Contract is fully executed and received by Buyer's counsel; or (b) ten (10) days after written confirmation has been sent to Buyer's counsel that the Possession Contingency has been satisfied. However, in no event shall Buyer be required to close if Seller has not met all applicable conditions and contingencies. Closing of title shall take place at the offices of Buyer's attorney or at such other place as may be directed by Buyer.

13.    SELLER'S REPRESENTATIONS. Except as expressly provided in this Agreement, Seller has made no representations as relates to this transaction or the property. Seller hereby represents and warrants, which representations and warranties shall be true and correct as of the closing date and shall survive the closing, and the truth of which shall be a condition precedent to the performance by Buyer of its obligations contained herein, the following:

A.    Ownership. Seller is the owner of the Premises in question.

B.    Authority. Seller has the full right and authority to execute this Agreement and consummate all of the transactions hereby contemplated.

C.    No Attachments. There are no attachments, executions, assignments for the benefit of creditors or voluntary or involuntary proceedings in bankruptcy pending, contemplated or threatened against Seller.

D.    Underground Storage Tanks/Environmental Contamination. There are no underground storage tanks which presently exist on the property or, to the best of Seller's knowledge and belief, previously existed on the property. Further, Seller is not aware of any environmental contamination which may have affected the property.

14.    SELLER'S OBLIGATIONS. At the time of closing, or such earlier time as may be indicated, Seller shall do the following:

A.    Three (3) days from the execution of this Agreement of Sale, deliver to Buyer: complete copies of any surveys which Seller has in its possession or can readily obtain, copies of any back title information (both title insurance commitments and title insurance policies) which Seller has in its possession or can readily obtain, copies of any environmental reports for the property which Seller has in its possession or can readily obtain, copies of any zoning or land use notices or violations which Seller has in its possession or can readily obtain, copies of any notices of tax assessments or proceedings in eminent domain and copies of any third party contracts (including brokerage agreements) which Seller has in its possession or can readily obtain.

B.    Twenty (20) days from the date which Buyer waives the due diligence period pursuant to Paragraph 5A, above, deliver a Letter of Non-Applicability issued by the New Jersey

5

Buyer _____ Seller _____

Department of Environmental Protection ("NJDEP"), or such other evidence of compliance with the New Jersey Industrial Site Recovery Act ("ISRA") as is required by the Buyer's attorney. Additionally, Seller Shall provide to Buyer a copy of any and all submissions to NJDEP, including but not limited to a copy of the Applicability/Non-Applicability Affidavit and any supplemental filings, submitted in connection with Seller's efforts to obtain ISRA clearance.

        C.     As set forth in Paragraph 9 and Paragraph 12, above, at least ten (10) days prior to Closing, deliver to Buyer's counsel a written confirmation that the property is free of any tenants or third parties and the Possession Contingency has been satisfied.

        D.     Execute, acknowledge and deliver to the Buyer a Bargain and Sale Deed, with Covenants Against Grantor's Acts, conveying the Premises with the buildings and improvements thereon.

        E.     Execute, acknowledge and deliver to the Buyer an Affidavit of Title in usual form.

        F.     Such other documents as are reasonably required by Buyer's attorney or title insurance company.

    15.    <u>PERSONAL PROPERTY</u>.  All articles of personal property attached or appurtenant to the subject premises shall be removed from the property prior to the closing of title.  In the event any such items of personal property remain on the premises as of the date of closing, the same shall be deemed to have been included in the sale. Notwithstanding the foregoing, the parties acknowledge that the Seller's obligation is to deliver the interior of the property "broom clean" at the time of Closing.

    16.    <u>ASSIGNMENT</u>.  This Agreement may be assigned with the prior consent of the Seller having been first obtained.  However, Buyer may assign this Agreement without the need of such consent to any person or entity in which **Solomon Dwek** maintains an ownership or management position (a "Permitted Assignee").

    17.    <u>EMINENT DOMAIN</u>.  If, prior to the closing date, any portion of the premises shall be taken by any governmental authority under its power of eminent domain, the Buyer shall have the option to be exercised by written notice given to the Seller not later than ten (10) business days following such taking:

        A.     To take title to the premises on the closing date without any abatement or adjustment in the purchase price, in which event the Seller shall assign its rights in the condemnation award to the Buyer.

        B.     To cancel this Agreement.

6

Buyer _____   Seller _____

18.    <u>RISK OF LOSS</u>.  The risk of loss or damage to the real property shall remain with the Seller until closing of title.  In the event the property is damaged or destroyed prior to closing, in whole or in part, Buyer shall have the option to either:

A.    To accept the premises in their "as is" condition, together with an assignment of insurance proceeds from Seller's insurance carrier.  In the event Buyer elects to accept such assignment of insurance proceeds, Buyer shall be entitled to a credit at closing in the amount of Seller's insurance deductible, if any; or

B.    Cancel this Agreement and receive the return of all deposit monies previously paid, together with interest, if any.

19.    <u>NO SILENT WAIVERS</u>.  The parties hereto agree that under no circumstances shall either parties' silence be construed as a waiver.  Accordingly, in the event any time constraint set forth herein passes, the same shall be deemed to continue until such time that the parties either acknowledge such waiver in writing, or the other party provides written notice of the expiration of such time frame, together with three (3) business days notice of such failure to comply with the time constraints set forth therein.  Thereafter, the other party shall have the aforesaid three (3) business days to either provide written notice of their intentions or waive the right to raise objections pursuant to the applicable provisions hereunder.

20.    <u>COMPLETE AGREEMENT</u>.  All understandings and agreements had between the parties hereto are merged into this Agreement which alone fully and completely expresses their Agreement.

21.    <u>HEADINGS</u>.  The article and section headings contained herein are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

22.    <u>BINDING EFFECT</u>.  This Agreement shall be binding upon and inure to the benefit of the respective heirs, successors and assigns of the parties hereto.

23.    <u>WAIVER OF CONFLICT</u>.  The parties hereto acknowledge that Ansell Zaro Grimm & Aaron, P.C., as well as Michael V. Benedetto, Esq., are counsel to Solomon Dwek, as well as numerous entities with similar ownership structures.  Additionally, Ansell Zaro Grimm & Aaron, P.C., as well as Lawrence H. Shapiro, Esq. have and may continue to represent Lisa Braun on unrelated matters.  Lisa Braun acknowledges this conflict and confirms that she has had the opportunity to consult independent counsel prior to execution.  Lisa Braun further acknowledges and agrees to waive any conflict of interest as it relates to this Contract for Sale of Real Estate and the transactions contemplated herein.

24.    <u>SELLER'S CONTINGENCY</u>.  The parties acknowledge that the Tenant, Mark Finkelstein and Eli Weinstein, have a right of first refusal to purchase the property.  Immediately upon execution of the Contract, Seller shall give prompt notice of the Contract to such tenant and shall give the Buyer prompt notice of written communication from the Tenant exercising the right of

7

Buyer _____ Seller _____

first refusal, or waiving the same, as the case may be.  In the event Tenant exercises the option,
Buyer's rights pursuant to this Contract shall terminate and the Deposit shall be refunded to Buyer.

**WITNESS:**

_(signature)_

**DWEK PROPERTIES, LLC, Buyer**

By: _(signature)_
Solomon Dwek, Sole Member

_(signature)_
CAROLYN A. GEORGE

**THE ESTATE OF HELEN MEHLMAN, Seller**

_(signature)_
By: Lisa Braun, Executor

_(signature)_
CAROLYN A. GEORGE

**M & C INVESTMENT**

_(signature)_
By:  RAY COHEN
Title:  Partner

8

Buyer _(signature)_   Seller _(signature)_

## SCHEDULE "A"

**All** that *tract* or *parcel* of land and premises, situate, lying and being in the Township of Neptune in the County of Monmouth and State of New Jersey, more particularly described as follows:

FIRST TRACT:  BEGINNING at a stake standing in the northeasterly corner of Lot #6 held by Daniel C. Williams on the westerly side of Ridge Avenue, thence (1) along the side of the avenue, North 3 degrees 30 minutes West 50 feet to a stake; thence (2) South 86 degrees 30 minutes West 150 feet to a stake in the rear line of lots fronting on Ridge Avenue; thence (3) South 30 degrees 30 minutes East along the rear line of lots in range D, 50 feet to the northwesterly corner of the Daniel C. Williams lot; thence (4) North 86 degrees 30 minutes East 150 feet along the west line of the Williams' lot to the Beginning.

Being intended to be Lot #7 Range D.

SECOND TRACT:  All that building lot in West Grove, a tract or parcel of land and premises hereinafter described, situate, lying and being in Neptune Township, Monmouth County, New Jersey, lying and being in West Grove fronting on the west side of Ridge Avenue and intended to be Lot 8 in Range D.

BEGINNING at the northeast corner of former Mrs. Ireland's lot; thence about at right angles with the Avenue westerly along the north line of the Ireland lot 150 feet to a stake in the northwest corner of the aforesaid Ireland lot being #7 and in the rear line of Range D aforesaid; thence (2) northerly along said rear line parallel with the Avenue 50 feet to the southwest corner of Lot 9 conveyed to John W. Dean; thence (3) eastwardly parallel with the first line along the south line of Lot 9 same Range, 150 feet to the west side of Ridge Avenue to the southeast corner of Lot 9; thence (4) southerly 50 feet along the Avenue to the Beginning. Being also known as Lot 8 in Block 198 on Tax Assessment Map of Neptune Township.

THIRD TRACT:  All that certain lot, etc., situate, lying and being in Neptune Township, Monmouth County, New Jersey, known and designated as Lot 773, Section 3, as shown on map of Robbins' Addition to Asbury Park, New Jersey, made by Joseph T. Garwood, C.E., September 1, 1924, filed in the office of Monmouth County Clerk, more particularly described as follows:

BEGINNING at a point in the easterly line of Myrtle Avenue distant 375 fee
from the northeast corner of Myrtle Avenue and Corlies Avenue; thence (1)
northerly along the easterly line of Myrtle Avenue 25 feet; thence (2)
easterly and at right angles to Myrtle Avenue 140 feet to the easterly lin
of the whole tract; thence (3) southerly and praallel with the easterly
li of Myrtle Avenue and along the easterly line of the whole tract 25 feet tc
the northeast corner of Lot 774 on the aforesaid map; thence (4) westerly
and again at right angles to the easterly line of Myrtle Avenue 140 feet
to the point or place of Beginning.

BEING also known as Lot 773 in Block 198 on the Tax Assessment Map of
Neptune Township.

FOURTH TRACT:   All those certain lots, etc., situate, lying and being in
Neptune Township, Monmouth County, New Jersey being known and designated
on Neptune Township Tax Map as Lots 774, 775 and 776, Block 198.

All of the above premises also known as Lots 7, 8, 773, 774, 775 & 776,
Block 198 on the Tax Map of the Township of Neptune, Monmouth County,
New Jersey dated 1956 Revised 1959.

All of the above premises being more particularly described as follows:

BEGINNING at a point on the westerly side of Ridge Avenue said point being
north 3 degrees 30 minutes west a distance of 300 feet from the intersectio
of the northerly line of Corlies Avenue with the westerly line of Ridge
Avenue; thence

(1)   North 3 degrees 30 minutes west along the westerly line of Ridge
      Avenue, a distance of 100 feet; thence

(2)   South 86 degrees 30 minutes west a distance of 290 feet to the
      easterly side of Myrtle Avenue; thence

(3)   South 3 degrees and 30 minutes east along the easterly line of Myrtle
      Avenue a distance of 100 feet; thence

(4)   North 86 degrees and 30 minutes east a distance of 290 feet to the
      westerly side of Ridge Avenue being the point and place of BEGINNING.

The above description is drawn in accordance with a Survey prepared by
William Poznak, P.E. & L.S. dated August 17, 1973.

BEING the same premises conveyed to Raphael Cohen and Abraham Mehlman,
as partners doing business as M&C Investment Company by Deed from
Betty Morris, Widow, dated September 10th, 1973, recorded in the
Office of the Clerk of Monmouth County on September 13, 1973 in Deed
Book 3852 at Page 211.

## LEVIN, SPECTOR & KARASIC
### ATTORNEYS AT LAW

GABRIEL E. SPECTOR (1966-2001)
ARNOLD B. LEVIN
BERNARD D. KARASIC

HAROLD A. KARASIC (1960-1982)

ATLANTIC EXECUTIVE CENTER
107 MONMOUTH ROAD
WEST LONG BRANCH, NJ 07764

TELEPHONE (732) 544-1166
FACSIMILE: (732) 389-3457
E-mail: levspec@aol.com

February 5, 2004

Certified Mail, RRR and
Regular Mail
Mr. Mark Finkelstein and
Mr. Eli Weinstein
41 Ridge Avenue
Neptune, NJ   07753

Certified Mail RRR and
Regular Mail
Mr. Mark Finkelstein and
Mr. Eli Weinstein
c/o Penn Furniture
1316 Corlies Avenue
Neptune, NJ   07753

Re:    The Estate of Helen Mehlman and
       M&C Investment to Dwek Properties, LLC
       41 Ridge Avenue, Neptune NJ

Gentlemen:

This office is representing M&C Investment and the Estate of Helen Mehlman in the sale of the commercial property known as 41 Ridge Avenue, Neptune Township, New Jersey also known as lots 7, 8 and 773 through 776, Block 198 on the Neptune Township Tax Map. Pursuant to the right of first refusal contained in your lease with M&C Investment dated January 21, 2002, I am enclosing herewith a photocopy of the Contract For The Sale of Real Estate by the Estate of Helen Mehlman and M&C Investment to Dwek Properties, LLC dated February 2, 2004.

You have thirty (30) days from this date to exercise your right of first refusal.  To exercise your right of first refusal, you are to send to me a letter stating your exercise of the right of first refusal and agreement to be bound by the same terms and conditions of the Contract that is attached hereto.  You must enclose with your transmittal a check in the amount of $50,000.00 payable to "Levin, Spector & Karasic, Attorney Trust Account".

Mr. Mark Finkelstein
Mr. Eli Weinstein
February 5, 2004
page 2


    If you fail to exercise the right of first refusal in the
above matter, your right of first refusal shall expire.

                            Sincerely Yours,



                            Arnold B. Levin

ABL/pr
Enclosure



| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by (*Printed Name*) C. Date of Delivery 5/20/04 |
| 1. Article Addressed to:<br><br>*Mark Finkelstein's*<br>*Eli Weinstein*<br>*41 Ridge Avenue*<br>*Neptune, N.J. 07753* | D. Is delivery address different from item 1? ☑ Yes<br>If YES, enter delivery address below: ☐ No |
|  | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*) ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) 7099-3400-0016-4850-8262 | |
| PS Form 3811, August 2001    Domestic Return Receipt | 102595-02-M-1035 |

Exhibit "D"

MAR 18 2004

*1*

**R** **McDowell Riga**
*A Professional Corporation*
**46 W. Main Street**
**Maple Shade, NJ 08052**
**Telephone: (856) 482-5544**
**Telecopier: (856) 482-5511**

396005

---X

| | |
|---|---|
| **MARK FINKELSTEIN AND** | **SUPERIOR COURT OF** |
| **ELIYAHU WEINSTEIN,** | **NEW JERSEY** |
| | |
| **Plaintiffs** | **CHANCERY DIVISION** |
| | **MONMOUTH COUNTY** |
| v. | |
| **M & C INVESTMENT, THE ESTATE OF** | **DOCKET NO. C-90-04** |
| **HELEN MEHLMAN, RAY COHEN, and** | |
| **PENN QUALITY FURNITURE, INC.** | **CIVIL ACTION** |
| **Defendants** | |
| | **NOTICE OF LIS PENDENS** |

---X

TO WHOM IT MAY CONCERN:

   Please be advised that an action entitled above has been filed and is now pending in the
Superior Court of New Jersey, Monmouth County, Chancery Division. The action seeks to
restrain the sale of the premises at 41 Ridge Avenue, Neptune Township, New Jersey due to
an agreement between the parties not to sell the premises for twenty years and to lease the
premises to the plaintiff.

   The real property affected by said action is a warehouse in the Township of Neptune,
County of Monmouth and State of New Jersey, known as Block 198, Lots 7, 8, and 773
through 776, located at 41 Ridge Avenue, Neptune Township, New Jersey.

   The Complaint in the above entitled action was filed in the Superior Court of New
Jersey, Monmouth County, Chancery Division, Courthouse, 71 Monument Park, P.O. Box
1266, Freehold, NJ 07728, on March 5, 2004.

McDOWELL RIGA

Attorneys for Mark Finkelstein and
Eliyahu Weinstein

By: _____
     Ellen M. McDowell

*LPOR8342-682*
*Rec - 3/22/2004*

M. CLAIRE FRENCH
COUNTY CLERK
MONMOUTH COUNTY
NEW JERSEY

INSTRUMENT NUMBER
2004062391
RECORDED ON
Mar 22, 2004
10:23:34 AM
BOOK-OR-8342
PAGE-682
Total Pages: 1

COUNTY RECORDING     $23.00
FEES
DEDICATED TRUST FUND  $2.00
COMMISSION            $5.00
NJ PRESERVATION      $30.00
ACCOUNT
TOTAL

SUPERIOR COURT OF NEW JERSEY
MONMOUTH COUNTY
CHANCERY DIVISION
Docket No. C-90-04

MARK FINKELSTEIN and
ELIYAHU WEINSTEIN

                Plaintiffs

      vs.

                            Civil Action

THE ESTATE OF HELEN MEHLMAN,
M&C INVESTMENT, RAY COHEN
and PENN QUALITY FURNITURE,
INC.

                Defendants

---

### DEFENDANTS' BRIEF IN SUPPORT OF NOTICE OF MOTION TO COMPEL PROBABILITY HEARING PURSUANT TO <u>N.J.S.</u> 2A:15-7(b)

---

LEVIN, SPECTOR & KARASIC, ESQS.
Atlantic Executive Center
107 Monmouth Road
West Long Branch, NJ  07764
(732)544-1166
Attorneys for Defendants

Arnold B. Levin, Esq.
On the Brief

## STATEMENT OF FACTS

The plaintiffs, Mark Finkelstein and Eliyahu Weinstein, are tenants in a portion of the commercial property located at 41 Ridge Avenue, Neptune Township, New Jersey.   The defendant, M&C Investment, is a partnership that owns the property known as 41 Ridge Avenue, Neptune Township, New Jersey.   The partnership consisted of Ray Cohen and Helen Mehlman, each of whom had owned fifty (50) percent of the partnership.   Helen Mehlman was the successor to the interest of her husband who had previously been the partner with Ray Cohen.  Mrs. Mehlman has predeceased, her Will has been admitted to probate by the Surrogate of Monmouth County and her daughter, Lisa Braun, has qualified as Executrix.

Ray Cohen had been the sold stockholder of Penn Quality Furniture, Inc. which sold its furniture business to the plaintiffs in January, 2002.   The retail furniture business was located at 1316 Corlies Avenue, Neptune Township, New Jersey.

At the time of the sale by Penn Quality Furniture, Inc. to the plaintiffs, Ray Cohen and his wife, Sylvia Cohen, were the owners of the real property at 1316 Corlies Avenue, Neptune Township, New Jersey, on which the retail furniture business had operated.   Mr. and Mrs. Cohen sold the real property to the plaintiffs in January, 2002 and took back purchase money financing.

The property located at 41 Ridge Avenue, Neptune Township, New Jersey, which is the subject of the Lease between the plaintiffs and M&C Investment is used by the plaintiffs as a warehouse.   The

landlord/tenant relationship between M&C Investment and the plaintiffs is documented by a Lease that was executed in January, 2002, at the time of the closing of the sale of the business by Penn Quality Furniture, Inc. and the sale by Mr. and Mrs. Cohen to the plaintiffs of the real property located at 1316 Corlies Avenue, Neptune Township, New Jersey. A copy of the Lease is attached to the Certification of Ray Cohen as Exhibit "A".

The Lease between the plaintiffs and M&C Investment did not require monthly rent payments but required that the plaintiffs pay all taxes, water and sewer charges, all maintenance expenses and was to serve as a "triple net" lease. It further provided that there was no term, however, the tenants could remain in the property unless M&C Investment entered into a Contract for the sale of the property, in which event, the plaintiffs were to have the right of first refusal which they were to exercise within thirty (30) days from receipt of the notice of the right of first refusal and, failing to exercise that right, the Lease would terminate and the tenants would vacate.

On February 2, 2004, M&C Investment executed a Contract to sell 41 Ridge Avenue to Dwek Properties, LLC, a copy of which Contract is attached to the Certification of Ray Cohen as Exhibit "B". A letter was sent to the plaintiffs, by certified mail, return receipt requested, and by regular mail, on February 5, 2004, advising them of the Contract and of their right to exercise the right of first refusal. A copy of the letter and certified mail

-2-

receipts are attached to the Certification of Ray Cohen as Exhibits "C" and "D", respectively.

The plaintiffs failed to exercise the right of first refusal. Instead, they filed the Complaint which is before the Court at this time and caused a Notice of Lis Pendens to be recorded in the Office of the Clerk of Monmouth County on March 22, 2004 in Official Records Book 8342 at Page 682. A copy of the Notice of Lis Pendens has been attached to the Certification of Ray Cohen as Exhibit "E".

Since there was no prior adjudication of the right of the plaintiffs to record the Lis Pendens, the defendants have filed the present Motion to have the Court compel a "Probability Hearing" pursuant to N.J.S. 2A:15-7(b) ". . . for a determination as to whether there is a probability that final judgment will be entered in favor of the plaintiffs sufficient to justify the filing or continuation of the Notice of Lis Pendens."

## ARGUMENT I

### A PROBABILITY HEARING SHOULD BE ORDERED BY THE COURT PURSUANT TO N.J.S. 2A:15-7(b) WHERE, AS HERE, THE OWNERS OF THE PROPERTY AFFECTED BY A LIS PENDENS RECORDED BY THE PLAINTIFFS WITHOUT PRIOR JUDICIAL DECREE REQUEST A HEARING TO DETERMINE WHETHER THERE IS A PROBABILITY THAT FINAL JUDGMENT WILL BE ENTERED IN FAVOR OF THE PLAINTIFFS SUFFICIENT TO JUSTIFY THE CONTINUATION OF THE NOTICE OF LIS PENDENS.

The defendant, M&C Investment, is the owner of the commercial property known as 41 Ridge Avenue, Neptune Township, New Jersey, also known as Block 198, Lots 7 and 8, and 773 through 776 on the Neptune Township Tax Map. The plaintiffs have filed the Complaint which is before the Court at this time and have caused a Lis Pendens to be recorded in the Office of the Clerk of Monmouth County affecting the property, a copy of which Lis Pendens has been attached to the Certification of Ray Cohen as Exhibit "E".

The plaintiffs occupy a portion of the property in question under a written Lease executed in January, 2002, at the same time that the plaintiffs purchased the retail furniture business from Penn Quality Furniture, Inc. and the plaintiffs purchased the commercial property known as 1316 Corlies Avenue, Neptune Township, New Jersey, on which the retail furniture business was located.

The Lease clearly recognizes that it does not have a term, rather, it continues as a "triple net" Lease with no obligation of the plaintiffs to pay a fixed monthly rent but, rather, they are to

pay taxes, water and sewer charges, maintain the property, etc., as
more fully set forth in the Lease.  The Lease further provides that
the plaintiffs have a right of first refusal so that if the
landlord, M&C Investment, were to sell the property, the plaintiffs
were to receive notification, together with a copy of the Contract,
and the plaintiffs were to have thirty (30) days to exercise their
right of first refusal or the right would lapse whereupon the Lease
would terminate and the tenants would vacate the property.

The Certification of Ray Cohen documents that a Contract was
signed by M&C Investment to sell the subject property to Dwek
Properties, LLC and that due notice was sent to the plaintiffs, by
Certified Mail, Return Receipt Requested, and by regular mail, and
they failed to exercise their right of first refusal and, instead,
filed the present lawsuit together with the Notice of Lis Pendens.

The plaintiffs allege that there was a twenty (20) year Lease
but, clearly, the written Lease was, in effect, a month-to-month
Lease but protecting the plaintiffs in that they would have the
right of first refusal if they wished to purchase the property.

The plaintiffs were represented by counsel in the purchase of
the business from Penn Quality Furniture, Inc., the purchase of the
property known as 1316 Corlies Avenue and in the Lease of a portion
of 41 Ridge Avenue.  It is submitted that the Court will find that
there is no language in any of the documents that reflects an
intention to provide a twenty (20) year Lease of this property to
the plaintiffs.

-5-

The plaintiffs argue, in substance, that they have a claim against Penn Quality Furniture, Inc. concerning an alleged shortage in the inventory and they further allege a failure of Ray Cohen to supply a Certificate of Occupancy upon the sale of the real property, the costs associated with these two events leaving the plaintiffs with insufficient funds to exercise their right of first refusal.

Clearly, the claims of the plaintiffs, if meritorious, would only deal with their rights against Penn Quality Furniture, Inc., as to any shortage, and against Ray Cohen as to the failure to supply the Certificate of Occupancy. No allegations appear anywhere in the Complaint that allege any impropriety against M&C Investment which is the owner of the subject property and the landlord in which the tenants have been in occupancy.

It is noteworthy that there is a pending Summary Dispossess action by M&C Investment against the plaintiffs for the failure of the plaintiffs to pay their obligations under the Lease, which matter is referenced in the defendants' Answer to the Complaint and bears Docket No. LT-001633-04. That matter has been stayed because of a personal bankruptcy filed by Mark Finkelstein and Robyn Finkelstein. (The Court will also learn that there was a previous Summary Dispossess action brought by M&C Investment against the plaintiffs for the failure of the plaintiffs to satisfy their financial obligations under the Lease, which matter had been brought under Docket No. LT-2392-03 and which concluded without a

Warrant for Removal being issued because the plaintiffs agreed to

pay their financial obligations, including the legal fees that M&C

Investment had incurred, although the plaintiffs have failed to pay

any of those legal fees in which M&C Investment was previously

represented by Joseph Meehan, Esq.).

Authority for the defendants' Motion lies with N.J.S. 2A:15-

7(b) which provides, in substance, as follows:

> "Any party claiming an interest in the real estate
> affected by the Notice of Lis Pendens may, at any time
> thereafter, file with the Court, in accordance with the
> Rules governing the Courts of the State of New Jersey,
> except as otherwise provided herein, a Motion for a
> determination as to whether there is a probability that
> final Judgment will be entered in favor of the plaintiffs
> sufficient to justify the filing or continuation of the
> Notice of Lis Pendens. The plaintiff share bear the
> burden of establishing such probability. The Court
> shall, after hearing and within ten days enter a
> determination as to whether there is a sufficient
> probability that final Judgment will be entered in favor
> of the plaintiff. If the Court determines that there is
> a sufficient probability of final Judgment in favor of
> the plaintiff, the Notice of Lis Pendens shall be
> continued of record and shall have the same effect as
> provided in Subsection a. If the Court fails so to
> determine, the Court shall forthwith order the Notice of
> Lis Pendens discharged of record."

In the present matter, the defendant, M&C Investment, is the

owner of the property in question, has entered into a Contract for

the sale of the property to Dwek Properties, LLC and which property

is to be vacant at the time of the closing. The plaintiffs have

failed to exercise their right of first refusal and, instead, raise

ancillary issues against Penn Quality Furniture, Inc. and Ray Cohen

as the basis to support the recording of the Lis Pendens and,

further, that there was an alleged agreement to provide a twenty
(20) year lease, notwithstanding the fact that the written Lease
clearly makes no such reference.

Under the circumstances, it is clear that the defendant, M&C
Investment, is an entity with an interest in the property which is
affected by the Lis Pendens as M&C Investment will not be able to
complete the sale of the property with the Lis Pendens in place.

In Fravega vs. Security Savings & Loan Association, 192 N.J.
Super. 213 (Chancery, 1983) the Court held that ". . . The
legislative history and the prior case law make it clear that the
purpose of the statute was to prevent the unfair use of Lis Pendens
which creates a hardship on the owners of real estate where the
alleged interest in the property is uncertain or problematical
(citing authority). As was pointed out in citing the impact of the
former statute, the filing of a Notice of Lis Pendens 'destroys the
ability of the property owner to convey marketable title if the
litigant has any possibility of success' (citing authority).
Clearly then, by couching the burden in terms of 'probability'
rather than 'possibility' the legislature intended to elevate the
standard by which plaintiffs' proofs would be measured."

In Trust Joist Corp. vs. Treetop Associates, Inc., 97 N.J. 22
(1984), at Page 34, the Court commented upon the 1982 amendment
that is the subject of this Motion.  The Court stated that "We
believe that this holding will also serve the broader needs of our
conveyancing laws.  The legislature responded to the constitutional

-8-

concerns and altered the lis pendens procedure. By a 1982
amendment, N.J.S.A. 2A:15-7 now provides that, except as to claims
based on a written instrument specifically describing the property,
any party affected by a lis pendens notice may seek an advanced
judicial determination whether the claimant has a probability of
succeeding in the action. The Court must determine within ten days
whether the claimant has met its burden of showing that 'there is
a sufficient probability of final judgment' in its favor, and shall
discharge the notice if that burden is not met. . . (citing
authority)."

It is clear that, for the limited purposes of the present
Motion, the defendant, M&C Investment, is a party with an interest
in the real property in question, is affected by the Lis Pendens,
and the Court should order a hearing to determine the probability
of the plaintiff succeeding upon conclusion of the case.

It is the argument of the defendants that, upon the Court
reviewing the documents that have been submitted in support of the
defendants' Motion and, such other documents that the Court may
receive from the plaintiffs and from the defendants, together with
such oral testimony as the Court may determine to be necessary, the
Court will find that there is no probability of the plaintiffs
being successful in this litigation and that the Lis Pendens should
be discharged.

## CONCLUSION

Based upon the preceding argument and authorities cited in support thereof, together with the supporting Certification submitted with this Motion, it is respectfully submitted that the Court should enter an Order compelling a "Probability Hearing" pursuant to <u>N.J.S.</u> 2A:15-7(b) as to why the Notice of Lis Pendens recorded by the plaintiffs should not be discharged and, further, upon the conducting of the hearing, the Court determine that the plaintiffs have failed to sustain their burden that they are likely to be successful in this litigation and that the Notice of Lis Pendens should be discharged.

Respectfully submitted,

Arnold B. Levin

**CLOSED**

## U.S. District Court
## District of New Jersey [LIVE] (Trenton)
## CIVIL DOCKET FOR CASE #: 3:04-cv-02247-MLC-TJB
### Internal Use Only

FINKELSTEIN et al v. M & C INVESTMENT et al
Assigned to: Judge Mary L. Cooper
Referred to: Magistrate Judge Tonianne J. Bongiovanni
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:1452 R&R re motions to remand (non-core)

Date Filed: 05/12/04
Jury Demand: None
Nature of Suit: 423 Bankruptcy
Withdrawl
Jurisdiction: Federal Question

**Plaintiff**
-----------------------

**MARK FINKELSTEIN**                    represented by **ELLEN M. MCDOWELL**
                                                        MCDOWELL & RIGA
                                                        46 WEST MAIN STREET
                                                        P.O. BOX 127
                                                        MAPLE SHADE, NJ 08052
                                                        856-482-5544
                                                        Email: emcdowell@mrattorneys.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**ELIYAHU WEINSTEIN**                   represented by **ELLEN M. MCDOWELL**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

V.

**Defendant**
-----------------------

**M & C INVESTMENT**

**THE ESTATE OF HELEN
MEHLMAN**

**RAY COHEN**

**PENN QUALITY FURNITURE,
INC.,**

| Filing Date | # | Docket Text |
|---|---|---|
| 05/12/2004 | 1 | NOTICE OF REMOVAL with the following state proceedings annexed A)complaint B)summonses C)answer to complaint D)motion to compel with supporting documents by MARK FINKELSTEIN from MONMOUTH COUNTY SUPERIOR COURT, case number C 90-04. (Filing fee $ 150 receipt number 300931) (Attachments: # 1 EXHIBITS OF NOTICE OF REMOVAL)(tp, ) (Entered: 05/13/2004) |
| 05/13/2004 | 2 | ORDER OF REFERRAL TO BANKRUPTCY COURT. Signed by Judge Mary L. Cooper on 5/13/04. (lk, ) (Entered: 05/13/2004) |
| 05/13/2004 | | ***Civil Case Terminated. (lk, ) (Entered: 05/13/2004) |

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By _____
Deputy Clerk

## Utility Events

3:04-cv-02247-MLC-TJB FINKELSTEIN et al v. M & C INVESTMENT et al

### U.S. District Court

### District of New Jersey [LIVE]

Notice of Electronic Filing

The following transaction was received from lk, entered on 5/13/2004 at 3:14 PM EDT and filed on 5/13/2004

**Case Name:**        FINKELSTEIN et al v. M & C INVESTMENT et al
**Case Number:**      3:04-cv-2247
**Filer:**
**WARNING: CASE CLOSED on 05/13/2004**
**Document Number:**

**Docket Text:**
***Civil Case Terminated. (lk, )

The following document(s) are associated with this transaction:

**3:04-cv-2247 Notice will be electronically mailed to:**

ELLEN M. MCDOWELL    emcdowell@mrattorneys.com, emmesq@comcast.net

**3:04-cv-2247 Notice will not be electronically mailed to:**

## Other Orders/Judgments
3:04-cv-02247-MLC-TJB FINKELSTEIN et al v. M & C INVESTMENT et al

### U.S. District Court

### District of New Jersey [LIVE]

Notice of Electronic Filing

The following transaction was received from lk, entered on 5/13/2004 at 3:02 PM EDT and filed on 5/13/2004

| | |
|---|---|
| **Case Name:** | FINKELSTEIN et al v. M & C INVESTMENT et al |
| **Case Number:** | 3:04-cv-2247 |
| **Filer:** | |
| **Document Number:** | 2 |

**Docket Text:**
ORDER OF REFERRAL TO BANKRUPTCY COURT. Signed by Judge Mary L. Cooper on 5/13/04. (lk, )

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/13/2004] [FileNumber=185348-0]
[89f6a2d6416a2b1474bd741b92b58477198e105d4351e6d614443aa9022b83b202cb
e4fee43dfa697752cd8f88aefb071745d57dd86ffa446b60b2b4568037d1]]

**3:04-cv-2247 Notice will be electronically mailed to:**

ELLEN M. MCDOWELL    emcdowell@mrattorneys.com, emmesq@comcast.net

**3:04-cv-2247 Notice will not be electronically mailed to:**